UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

AUG 3 0 2017

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Bernabe Martinez Torres, )
)
    Plaintiff, )
)
    v. )    Civil Action No.  17-1119 (UNA)
)
Juan P. Osuna, )
)
    Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction and show the pleader's entitlement to relief. *See* Fed. R. Civ. P. 8(a). Plaintiff is a federal prisoner who is incarcerated at a Bureau of Prisons contract facility in Folkston, Georgia. He has sued the Department of Justice's Executive Office of Immigration Review, alleging that in April 1996, an immigration judge wrongfully took his green card following his five-year sentence for a felony conviction. *See* Compl. at 4. Plaintiff seeks the return of his green card and $6 million as "compensation" for the loss of his "documents." He claims that he is "at the jail now because the Court sentenced me as a[n] ill[e]gal reentry when I should have my residence." *Id.* at 5.

1

To the extent that plaintiff is challenging his sentence, his recourse lies in a petition in the sentencing court under 28 U.S.C. § 2255, applicable to federal convictions, or § 2254, applicable to state convictions. Otherwise, plaintiff has not stated a basis for exercising jurisdiction over his tenuous claim for the return of his green card, *see Chen v. Rodriguez*, 200 F. Supp. 3d 174, 181 (D.D.C. 2016), citing *Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012) ("when a claim by an alien challenges an agency determination that is 'inextricably linked' to a removal order, [28 U.S.C.] § 1252(a)(5) prohibits it from being heard in district court"), or his claim for $6 million in money damages, *see* 28 U.S.C. § 1346(a)(2) (conferring exclusive jurisdiction in the U.S. Court of Federal Claims over claims, "not sounding in tort," against the United States exceeding $10,000). And to the extent that plaintiff is seeking monetary damages from the United States based on a yet to be identified tort, he must first exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA") by presenting the claim "to the appropriate Federal agency" and obtaining a final written denial. 28 U.S.C. § 2675(a). *See Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007) (finding FTCA's exhaustion requirement to be "jurisdictional"); *Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) (affirming district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction"). Hence, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: August 2A , 2017          United States District Judge